J-S09034-18

## NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANTONIO CORDERO-VELEZ | : | |
| | : | |
| Appellant | : | No. 725 MDA 2017 |

Appeal from the Judgment of Sentence December 30, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0003581-2015,
CP-36-CR-0003586-2015, CP-36-CR-0003594-2015,
CP-36-CR-0003596-2015

BEFORE:   GANTMAN, P.J., McLAUGHLIN, J., and PLATT*, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED MAY 25, 2018**

Appellant, Antonio Cordero-Velez, appeals from the judgment of sentence entered in the Lancaster County Court of Common Pleas, following his guilty pleas to burglary, conspiracy to commit burglary, and theft.[1]  We affirm.

The relevant facts and procedural history of this case are as follows. Between December 2011 and March 2012, Appellant and a cohort burglarized several homes in Lancaster County, Pennsylvania.  In June 2015, the Commonwealth charged Appellant with multiple counts of robbery, conspiracy to commit robbery, theft, and related offenses at four separate

_____

[1] 18 Pa.C.S.A. §§ 3502(a), 903, and 3921(a), respectively.

_____

*   Retired Senior Judge assigned to the Superior Court.

docket numbers, Docket Nos. 3581-2015, 3586-2015, 3594-2015, and 3596-2015. On September 30, 2016, Appellant entered open guilty pleas at all four docket numbers; collectively, Appellant pled guilty to twenty counts of burglary, three counts of conspiracy to commit burglary, and one count of theft. With the benefit of a pre-sentence investigation ("PSI") report, the court conducted Appellant's sentencing hearing on December 30, 2016. At the conclusion of the hearing, the court sentenced Appellant to three (3) to six (6) years' incarceration at Docket No. 3581-2015. At Docket No. 3586-2015, the court sentenced Appellant to one (1) to two (2) years' incarceration, to run consecutive to the sentence at Docket No. 3581-2015. At Docket No. 3594-2015, the court sentenced Appellant to one (1) to two (2) years' incarceration, to run concurrent to the sentence at Docket No. 3586-2015. At Docket No. 3596-2015, the court sentenced Appellant to five (5) to ten (10) years' incarceration, to run consecutive to the sentence at Docket No. 3586-2015. In sum, the court imposed an aggregate sentence of nine (9) to eighteen (18) years' incarceration.

On January 9, 2017, Appellant timely filed a motion for extension of time to file a post-sentence motion, which the court granted. Appellant filed a timely post-sentence motion on January 24, 2017. On March 28, 2017, the court denied post-sentence relief. Appellant filed a timely notice of appeal on April 26, 2017. The court did not order Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b), and

Appellant filed none.

Appellant raises one issue for our review:

> DID THE SENTENCING COURT ERR IN DENYING…APPELLANT'S POST-SENTENCE MOTION REQUESTING RELIEF UPON REVIEW OF THE SENTENCE WITH RESPECT TO AVAILABLE MITIGATING FACTORS, THUS MISAPPLYING THE SENTENCING GUIDELINES, RESULTING IN AN ABUSE OF DISCRETION WHEN IT HANDED DOWN AN AGGREGATE SENTENCE OF NINE TO EIGHTEEN YEARS' INCARCERATION?

(Appellant's Brief at 5).

Appellant argues the sentencing court failed to consider Appellant's young age at the time of the offenses, his lack of a record of serious crimes, and his rehabilitative needs. Appellant maintains the court did not properly balance these mitigating factors against the need to protect the public and the severity of the offenses. Appellant concludes the court imposed an excessive and unreasonable sentence. Appellant's challenge is to the discretionary aspects of his sentence. *See Commonwealth v. Lutes*, 793 A.2d 949, 964 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing); *Commonwealth v. Cruz-Centeno*, 668 A.2d 536, 545 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (stating allegation court ignored mitigating factors challenges discretionary aspects of sentencing).[2]

_____

[2] "[W]hile a guilty plea which includes sentence negotiation ordinarily precludes a defendant from contesting the validity of his…sentence other
*(Footnote Continued Next Page)*

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. ***Commonwealth v. Sierra***, 752 A.2d 910, 912 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

When appealing the discretionary aspects of a sentence, an appellant must also invoke the appellate court's jurisdiction by, *inter alia*, including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. ***Commonwealth v. Mouzon***, 571 Pa. 419, 425-26, 812 A.2d 617, 621-22 (2002); Pa.R.A.P. 2119(f). "The determination of what

*(Footnote Continued)* ────────────

than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction, open plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence." ***Commonwealth v. Tirado***, 870 A.2d 362, 365 n.5 (Pa.Super. 2005) (emphasis in original). "An 'open' plea agreement is one in which there is no negotiated sentence." ***Id.*** at 363 n.1. Here, Appellant's plea was "open" as to sentencing, so he can challenge the discretionary aspects of his sentence.

constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Anderson***, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra, supra*** at 913 (quoting ***Commonwealth v. Brown***, 741 A.2d 726, 735 (Pa.Super. 1999) (*en banc*), *appeal denied*, 567 Pa. 755, 790 A.2d 1013 (2001)).

A claim that a sentence is manifestly excessive might raise a substantial question if the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence imposed violates a specific provision of the Sentencing Code or the norms underlying the sentencing process. ***Mouzon, supra*** at 435, 812 A.2d at 627. Nevertheless, as a general rule, "[a]n allegation that a sentencing court 'failed to consider' or 'did not adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate." ***Cruz-Centeno, supra***, at 545 (quoting ***Commonwealth v. Urrutia***, 653 A.2d 706, 710 (Pa.Super. 1995), *appeal denied*, 541 Pa. 625, 661 A.2d 873 (1995)). ***See also Commonwealth v. Kane***, 10 A.3d 327, 335-36 (Pa.Super. 2010), *appeal denied*, 612 Pa. 689, 29 A.3d 796 (2011) (stating bald claim that sentencing court "failed to consider" factors set forth in 42 Pa.C.S.A. 9721(b) does not

raise substantial question). Moreover, where the sentencing court had the benefit of a PSI, the law presumes the court was aware of and weighed relevant information regarding a defendant's character along with mitigating statutory factors. *Tirado, supra* at 366 n.6.

Instantly, Appellant's post-sentence motion and Rule 2119(f) statement properly preserved his claims that the sentencing court failed to consider his age, his lack of a record of serious crimes, and his rehabilitative needs. Nevertheless, Appellant's bald assertion that the court improperly weighed these mitigating factors does not raise a substantial question. *See Cruz-Centeno, supra*. Additionally, the court had the benefit of a PSI report. (*See* N.T. Sentencing Hearing, 12/30/16, at 2, 6-7.) Therefore, we can presume the court considered the relevant information and mitigating factors. *See Tirado, supra*.

Further, the court explained its rationale as follows:

> A review of [Appellant]'s sentences supports the court's judgment that the sentence as a whole is not manifestly unreasonable. Great consideration was given to [Appellant]'s particular situation and the circumstances surrounding it. The court referenced extensive documentation, as well as counsel's arguments and witness statements at the sentencing hearing, that provided a clear picture of the instant case, and the [PSI] Report. Taken together, the court's understanding of [Appellant]'s case is clear, as is the thought process for arriving at the sentence imposed. Upon further review of [Appellant]'s case, the court is satisfied that the sentence of nine to eighteen years' incarceration reflects the magnitude of [Appellant]'s crimes and achieves the requisite rehabilitative, deterrent, and safety objectives.

(Trial Court Opinion, filed March 28, 2017, at 7) (internal footnote omitted).

Here, the court fully balanced Appellant's circumstances with the severity of the offenses and the need to protect the public.  Based upon the foregoing, Appellant is not entitled to relief on his challenge to the discretionary aspects of sentencing.  Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 05/25/18